IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VIVECA R. JONES, for Cameron X. Taylor, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 13-1178 |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY, | ) ) ) ) |
| Defendant. | ) |

O R D E R

AND NOW, this 29th day of December, 2014, upon consideration of Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. No. 7) and brief in support thereof (Doc. No. 8), filed in the above captioned matter on November 6, 2013, and in further consideration of Plaintiff's failure to respond to this motion as ordered by the Court,

IT IS HEREBY ORDERED that said motion is GRANTED, and this case is DISMISSED WITH PREJUDICE.

Plaintiff applied for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., on or about March 15, 2010 on behalf of her minor child. After the claim was initially denied by the Commissioner of Social Security, Plaintiff sought, and received, a hearing before an administrative law judge ("ALJ"). On December 13, 2011, the ALJ issued a decision denying Plaintiff's claim for benefits, and Plaintiff requested review of the ALJ's unfavorable decision by the Appeals Council. Defendant

1

presented credible evidence that the Appeals Council mailed notice that it was denying Plaintiff's request for review on February 27, 2013, and that the notice informed Plaintiff of her right to commence a civil action within 60 days from receipt of the notice. (Declaration of Robert Weigel (Doc. No. 8-1) ("Weigel Decl.")). The record shows that Plaintiff did not bring the present civil action until August 15, 2013, approximately 169 days after the mailing of the Appeals Council notice. Defendant presented credible evidence that Plaintiff did not request any extension of time to commence an action. (Weigel Decl. at ¶3).

42 U.S.C. § 405(g) provides, in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Even allowing for the five additional days for mailing presumed under 20 C.F.R. § 422.210(c),[1] Plaintiff's action was filed well outside of the period permitted under Section 405(g). As noted, Defendant has provided credible evidence that no extension of time was ever sought or granted.

The 60-day limitation period prescribed by Section 405(g) is not jurisdictional, and the Court can toll the limitation period under certain circumstances where the equities of the case so dictate. See Bowen v. City of New York, 476 U.S. 467, 478, 480 (1986). However, as noted above, Plaintiff has offered no response to Defendant's motion, despite having been ordered by this Court to do so and having been advised that failing to respond may result in the Court

---

[1] Plaintiff has not attempted to establish that the notice was, in fact, not received within the presumed five-day period.

2

granting Defendant's motion for lack of opposition. Accordingly, Plaintiff does not refute any of Defendant's facts, nor does she provide any argument or evidence regarding any equitable circumstances that would justify the tolling of the limitation period under Section 405(g). As such, the Court accepts Defendant's well-supported and uncontested allegations as true and finds that Plaintiff's action was not filed within the permitted time period. The Court further finds that no circumstances have been presented that would warrant the tolling of that period.

Therefore, under all of the circumstances, the Court grants Defendant's motion and dismisses Plaintiff's case in its entirety with prejudice.

s/Alan N. Bloch  
United States District Judge

ecf:    Counsel of record

Viveca R. Jones  
1817 Freeport Road, 2nd Floor  
Natrona Heights, PA 15065